J-S71019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOHN KAHL | |
| Appellant | No. 2897 EDA 2015 |

Appeal from the Judgment of Sentence July 13, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014127-2010

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD[*], J.

JUDGMENT ORDER BY PANELLA, J.          **FILED NOVEMBER 22, 2016**

Appellant, John Kahl, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial conviction for sexual assault and related offenses. We affirm.

The trial court summarized the relevant facts and procedural history as follows.

> On October 24, 2010, Kahl was arrested and charged with rape, forcible compulsion, rape of an unconscious victim, aggravated indecent assault, forcible compulsion, aggravated indecent assault without consent, aggravated indecent assault[-]complainant unconscious or unaware that penetration is occurring, and sexual assault. From March 21 to March 22, 2012, a trial was held in the presence of a jury. On March 23, 2012, [Kahl] was found guilty of rape of an unconscious victim, aggravated indecent assault without consent, aggravated

_____

[*] Former Justice specially assigned to the Superior Court.

indecent assault[-]complainant unconscious or unaware that penetration is occurring, and sexual assault. . . . On July 13, 2012, [the trial court] sentenced [Kahl] to 5 to 10 years['] state incarceration plus 10 years['] probation on the rape charge and 5 to 10 years['] state incarceration on all other charges, to run concurrent to each other and to the sentence imposed on the rape charge. After [the trial court] imposed the sentence, [Kahl] indicated that he wanted trial counsel to file an appeal with the Superior Court on his behalf. Trial counsel subsequently failed to file a direct appeal with the Superior Court.

On October 12, 2012, [Kahl] filed a petition for relief pursuant to the Post-Conviction Relief Act (PCRA). On November 12, 2013, [PCRA counsel was appointed.] On February 19, 2015, PCRA counsel filed an amended petition for relief, alleging that trial counsel was ineffective for failing to file a direct appeal. On August 25, 2015, the Commonwealth agreed to reinstate [Kahl's] direct appellate rights nunc pro tunc. On August 28, 2015, [the trial court] ordered that [Kahl's] direct appellate rights be reinstated nunc pro tunc.

Trial Court Opinion, 10/29/15, at 2-3. This timely appeal follows.

At trial, Kahl objected, *see* N.T., Trial, 3/22/12, at 165-171, to the trial court's instruction on the defense of consent by arguing that it "added in unconsciousness as one of the reasons and it's not actually in the charge," *id*., at 165. After Kahl objected to the instruction, the trial court agreed to take out the term, but would "read the definition of unconsciousness as including where people are sleeping." *Id*., at 172. Kahl affirmatively assented to this new instruction, stating, "Okay." *Id*. The trial court re-read the instruction and Kahl lodged no objection. *See id*., at 172-174.

On appeal, Kahl challenges the revised instruction. As he failed to lodge an objection to that instruction, however, that claim is waived. *See*

Pa.R.A.P. 302(b); **Commonwealth v. Hill**, 353 A.2d 870, 879 (Pa. Super. 1975).

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2016